NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0249n.06

Case No. 14-3981

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Apr 07, 2015<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| RENEE BROOKS, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

O P I N I O N

BEFORE: GUY, COOK, and McKEAGUE, Circuit Judges.

McKEAGUE, Circuit Judge. Renee Brooks pleaded guilty to theft of government funds and received a within-guidelines sentence of thirty-seven months. She challenges the substantive reasonableness of that sentence. Finding no error, we affirm.

Over the course of fifteen years, Brooks lied to the Social Security Administration to steal $92,081.53 in benefits, which violated 18 U.S.C. § 641. She pleaded guilty to the indictment without a plea agreement and faced a fine and up to ten years in prison.

Because of Brooks's extensive criminal history—dating back to 1985 and including no less than fifteen separate convictions for theft-related crimes—she received the highest criminal-

history category: VI. Her guidelines range was 30 to 37 months. The court ordered Brooks to pay back the money she stole and sentenced her to 37 months in prison.

Brooks appeals her sentence, arguing only that it was *substantively* unreasonable—*i.e.*, "greater than necessary to achieve any sentencing goals." Appellant Br. 6. We review for abuse of discretion and, because her sentence is within the correctly calculated guidelines range, we presume it to be substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Brooks has not rebutted that presumption.

Brooks specifically argues that the district court abused its discretion by relying on criminal activity dating back to the mid-1980s. But the guidelines allow courts to consider criminal activity up to ten or fifteen years (depending on the type of offense) before the "*commencement* of the instant offense." U.S.S.G. § 4A1.2(e)(1)–(2) (emphasis added). The instant offense commenced, at the latest, in 1996, R. 3 at 1, and so the court properly considered Brooks's criminal history from at least 1986. *See* R. 28 (Sentencing Transcript) at 9, 11, 13; Appellant Br. 6 (conceding such consideration was proper). And the court did not give "an unreasonable amount of weight" to this history. Appellant Br. 9 (quoting *United States v. Peppel*, 707 F.3d 627, 635 (6th Cir. 2013)). It instead considered all of the § 3553(a) factors and properly "place[d] great weight on [this] one factor [because] such weight [was] warranted under the facts of th[is] case." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013).

Brooks concedes that considering this criminal history was "technically correct" and "procedural[ly] reasonable[]," but she asks us for a less "rigid[]," "formalistic" application of the guidelines. Appellant Br. 6–7; Reply Br. 1. This is a fine argument . . . when made before a sentencing judge. But we will not find an abuse of discretion for a sentencing court's adherence to the plain language of the guidelines. Nor, in any event, do we disagree with the sentence the

2

district court imposed.  Brooks paints her criminal history as if she committed a few "mistakes in the 1980s and 1990s" and then toed the line since (besides, of course, for her continuing theft of social-security benefits).  Appellant Br. 8; *see* Reply Br. 4.  That badly misrepresents her *actual* criminal past—a life of crime—including no less than fifteen theft-related criminal convictions for crimes like grand theft, passing bad checks, falsification, insurance fraud, tampering with evidence, obstructing official business, and shoplifting.  R. 18 (Presentence Report) at 7–14.  State and federal courts alike have labeled Brooks a "career thief" and a "high risk offender."  R. 28 at 26–27.  Based on this record, we agree.

Nor, finally, did the district court base its sentence on impermissible factors.  Appellant Br. 9–10.  The court, as Brooks correctly notes, questioned the truthfulness of her mental-health issues.  R. 28 at 24, 29.  But it did not factor that skepticism into the sentence.  Rather, when imposing the sentence, the court *took as true* her mental-health issues and explained why they do not "in any way, shape or form prevent her from engaging in these sophisticated crimes" or "mitigate against the sentence"—because Brooks "knows right from wrong."  *Id.* at 28–29.  Though she knew right from wrong, she continually chose wrong: She "milked the system . . . her entire life."  *Id.* at 25–26.  And now she must serve thirty-seven months in prison for those wrong choices.

We affirm the district court's reasonable sentence.